on behalf of the uh and that is case two oh nine twelve fifty. On behalf of the Appalachian Mr. Larry Wells, on behalf of the Appalachian News, Mary Beth Burns. Thank you. Mr. Wells. May it please the court. My name is Larry Wells. I represent the defendant, Mr. Rebecca, in this cause. Mr. Rebecca was convicted of sex crimes and he raises several issues before this court. But unless there are questions, I'm going to confine my presentation today to the first issue, and then we'll stay on this brief concerning the point that's not raised here today. Um, the first issue is that the defendant was denied a fair trial because the circuit court judge refused to allow an instruction on the jury on lesser included offense. And the standard review is de novo because the question is one of law. The question is whether the defendant is entitled to a lesser included offense instruction. And that is determined entirely upon whether there is slight evidence in support of the instruction. Or another way to put the same test is that if a rational jury could find the defendant's favor on the lesser offense, then the instruction has to be given. And the defendant here was charged with criminal sexual assault. That is that he engaged in oral sex acts with underage complainant. And the factor that distinguishes between the greater and the lesser offense is whether the defendant was in a position of trust relating to the complainant. So the state's charge was that the defendant engaged in oral sex acts with an underage defendant, uh, complainant, and that there was a position of trust. And what the defense offered was the defendant engaged in oral sex acts with an underage complainant, and there was no position of trust. And the, um, court refused to allow the lesser instruction based on a mistake of law. The state argued that in order for the defendant to be entitled to the lesser instruction, every single element from the lesser offense had to be right in the definition of the greater offense. And, of course, that's not the law. The law is as long as there is an outline of the lesser offense, as long as there is an inference that can be drawn to support the lesser offense, then the lesser . . . They call it the abstract element approach. Yes, that's right. Right. And that's been rejected. The proper approach is to determine whether there is an outline or whether there's an inference that can be drawn. It's called the charging instrument approach, isn't it? Yes, I believe that's the term that they like to use, yes. And so here that's, it comes down to whether the, um, there's sufficient evidence, slight evidence is all it takes, in support of the lesser offense. And, um, we're assisted in this by the Commency case from Gomez Court where it talks about the position of trust and the definition of that is given in the criminal, that is the Code of Corrections, where they list, for example, babysitter as one of the positions. And indeed, in this case, there's a dispute concerning that. If you take the evidence and the like, most favorable to the defendant, as we must in determining the question of whether the defendant is entitled to the lesser included offense instruction, then the evidence would be that the sex act didn't occur until the So there's evidence that shows that he was acting as a babysitter, evidence that shows he was not acting as a babysitter, evidence that shows the sex acts occurred while he was still a babysitter, and evidence that shows that sex acts occurred after he was a babysitter. So this is a jury question, the definition of a jury question, the epitome of a jury question. And in a situation like that, it's a due process violation to refuse to give the lesser included offense instruction. And the reason for that is that the jury is not likely to acquit. There's this grave danger that the jury is just going to be on the safe side and convict. The cases talk about how the theory and the practice diverge there, where if the jury is given an opportunity to convict of the lesser offense, they may do so. Now, do you see there was an absence of evidence regarding the issue of position of trust? There's evidence in favor of the defendant showing that by the time the first sex acts occurred, the defendant was no longer a babysitter. All right, but was there not evidence of a lifetime relationship establishing a position of trust? Well, that, of course, would be the jury question. If the defendant was a babysitter or a scoutmaster or something like that. But wasn't that why the trial court did not allow the lesser included? Oh, no. No, I don't think so. The reason that the trial court didn't allow it, I think the record is pretty clear on this, the reason that the trial court didn't allow it is because there's two different versions of the age involved. In the greater offense, there's the age of the complainant and there's no mention of the age of the defendant. And in the lesser included offense, there has to be a five-year difference. And, of course, the defendant was born in 1957. So is there any significance that one was an assault and the other one was an abuse? No, there's no difference at all. The sentences are different. Oh, yes. I'm sorry. I misunderstood. The big difference is one's a greater offense and one's a lesser offense. One's a class one, and that turns upon the position of trust. Without the position of trust and all the same elements, and there's even age requirements in both, then it becomes a class two. And that's what the defendant was looking for. He was looking for an opportunity for the jury to find him guilty of a class two, lesser included offense, rather than a class one. And because there's this great danger of the jury finding the defendant guilty anyway, that's where the due process violation comes in. The cases talk about how it's tantamount to a directed verdict. And, of course, we can't, under our system, there can be no directed verdict in favor of the state as a whole. And there can be no directed verdict in favor of the state as to an element. And that's what we have here. We have the question of a position of trust that would turn upon one of the listed examples, being the babysitter, and then the evidence being a dispute concerning whether the defendant had a position as a babysitter at the time that the acts occurred. And then the judge did not consider that, but considered instead the abstract elements test, could not find every single element from the lesser included offense explicitly stated in the statute defining the greater, and then said, defendant's not entitled to it. And I don't believe the state's going to dispute that aspect. The state's argument instead is that there's insufficient evidence to support the lesser included offense instruction. And I think that's completely resolved by the conflict in the evidence concerning the position of the defendant as a babysitter. It's a listed element. There's a dispute on the evidence concerning it. And a rational jury could find that he was guilty of a class two rather than a class one. And that's all that's required. And it's a due process violation to refuse to give a lesser included offense when it's required. Well, does the position of trust mean that someone has to be a babysitter or carrier? Oh, no. I hope I understand that. So there's no definition in place, correct? Oh, that's right. What there is is a statement of the position of trust, position of trust being some examples listed, as this Court considered in the Kaminsky case under the Code of Corrections, where there are specific examples listed. And one of those examples listed, which was found to be persuasive by this Court, it's the meaning of the position of trust, was babysitter. There could be others. There could be others, other positions besides babysitter. But it's a jury question as to whether in this case the relationship that the defendant had was a position of trust. I had a question concerning the alleged improper comments of the prosecution during closing. Let's assume they were improper. But doesn't it also have to be shown that they were so prejudicial that without them the verdict would have been different? No. It does not? No. I do not think that's the standard at all. Instead, as long as they may have been a factor in the determination of the jury verdict. And here Okay. And how do you know that it was here? It's because of the nature of the comment itself. Let me get the exact quote here. I've got it. I think I put a very big part of the argument here. It says, The Constitution is an amazing thing. It gives a criminal defendant many, many rights. You don't have to testify. You don't have to present any evidence. You have the absolute right to demand the trial. It doesn't matter how overwhelming the evidence is. It doesn't matter how assured of your guilt you can force this 19-year-old boy into court to testify. That's what it says. Now that is a direct attack upon the jury trial right itself that holds the defendant responsible for the jurors being there in the first place. They wouldn't even be there if it weren't for the defendant, for what he's done. It asks for an emotional reaction from the jury putting themselves in the place of the complaining witness. And it's important to remember that the defendant here wasn't claiming that he wasn't guilty of anything. He was putting forth the proposition that he was guilty of a class 2. You started that conversation or that statement with the term criminal instead of defendant. Which was it? I beg your pardon? Read it again, please. The Constitution is an amazing thing. It gives a criminal defendant. Oh, a criminal defendant, not a defendant or a criminal. I hope that's accurate from the record. It's intended to be. And so because this statement goes right to why we're there in the first place, it's a direct attack upon the right to a trial by a jury. And it asks the jury to circumvent all of the process altogether. That's why it could have had an effect on the outcome. And also, there's a real due process problem here, too, about the integrity of the court system where the prosecution is allowed to attack the defendant just because he is where he is. And they've charged him. So it misrepresents the situation because the defendant is saying he's not guilty in any way at all. It's overwhelming evidence when the defendant is trying to get in the class 2. And there's also the real problem here of the undermining of the function of the jury. And so we'd ask this court to reverse on that basis as well. Considering the first issue that I talked about before, we'd ask this court to reverse the criminal sexual assault convictions. That's what that one goes to. And we may ask for a new trial on them. But for the prosecuting misconduct, we'd ask for a reversal on all charges unless there are other questions. Thank you. We'll have an opportunity to make rebuttal. Ms. Burns? Good morning, Your Honor. Good morning. My name is Mary Beth Burns, and I represent the people of the state of Illinois. We come before you this morning to ask this court to affirm the convictions and the sentences of the defendant. Defense counsel primarily addressed the first argument, and so I hope to respond to some of his points. The main dispute on appeal is whether, in fact, there was a jury question. I think that everyone agrees that lesser-included offense instructions are governed by the charging instrument approach. I think under our Supreme Court's precedent, that's the only thing that is still governed by the charging instrument approach. However, even under the charging instrument approach, there has to be evidence that supports giving the instruction. I think what's important here is that there was no evidence that supported giving the instruction. There's no dispute that the defendant was not a Boy Scout leader. There's no dispute that the defendant was not a teacher. The nature of the trust here under the elements of the criminal code are not defined. Section 12-12 is a definitional provision. It doesn't define a position of trust. So here, the position of trust is based on the long-term relationship between the defendant and the victim and his family. And there simply is nothing presented in the state's evidence because you can't demand that the defendant present something. But nothing in the evidence presented undermines the position of trust that was built up. And the position of trust doesn't only lead to a betrayal, but it also provides the opportunity for the offense to occur. There's no realistic possibility that absent the position of trust, a 13- and 14- and 15-year-old boy would have been spending the night with an unmarried gentleman. The only reason that the defendant had access to this victim is because of the position of trust that was built up over a 20-year friendship. The friendship predated the victim's birth. The mother talked about her memory of having dinner with the victim the night before the victim was born. There simply was nothing presented that would undermine that. We recognize that this court in Kaminsky was looking for some kind of a way to define or consider the meaning of, I think it was the supervision provision. And it looked to the code of corrections. And then it also, because the code of corrections is not just positive, it also looked to the dictionary definitions. And I think here, if you look to a dictionary definition of trust, you're going to look at things that essentially give you an expectation of care and protection. There's nothing presented anywhere in this record that could undermine that. And so for that reason, the defendant simply was not entitled to the lesser-included instruction. And I apologize, I misspoke. It's not a lesser-included because there was an elemental change in the abuse instruction that was tendered. Though all of the accounts of the indictment had age issues, the abuse one as tendered had also an added element with the age that it had. The defendant had to be five years older. But, again, our position here is that, yes, it was a different element among a group of age-related elements, but that the primary reason to support the circuit court's judgment is that there simply isn't any evidence to undermine it. And I think we were talking... Is trust defined in the statutes? No, it is not. It is not defined in the criminal code. Is it tested by objective or subjective standards? That's a very interesting question. I suppose to the extent that you're analyzing elements of an offense, that it would be an objective standard as other elements would be. I suppose it would be an objective standard whether someone strangled a victim. Did they or did they not? You would have to prove the death and prove the manner of the death. An objective standard might be a person having care, custody, or control, or someone over the age of 65 who's battered. Those are objective standards. Whereas if you just said a senior citizen, that would be a subjective standard because you wouldn't... You wouldn't have a specific age. What senior really means unless you define it. Well, they define it by suggesting anybody over the age of 65, so it becomes an objective standard. So my question to you is how do you determine trust, objectively or subjectively? And then the next question is going to be, after you give me an answer on it, unless it is I don't know, then give me some idea of how you would go about establishing that element or that fact. Because it's an element, I will say a step away from I don't know. I believe it would be objective. And on this record, you would look at objective occurrences. So among the objective occurrences that would demonstrate the trust would be the fact that when the victim stayed with the defendant, the defendant was given the authority to make sure he took his epilepsy medications. That included apparently also eating at a certain time. It also included making sure that he got to his confirmation classes. Objectively, both the parent's relationship based on their long-term friendship and the specific things that they had the defendant do would objectively show the position of trust. Similarly, the defendant's, again, the witness's testimony, including the victim's, talked about the fact that Mike was in charge. Mike was a person that I spent time with. I liked him. I knew him. I wanted to be with him. These things, I think, again, would lead to a dictionary definition objectively of an expectation of care and protection. So to the extent, and again, it's only a soft affirmative that something like trust would be objective, but because it's an element of the offense, I think probably it would be. I think this record would objectively demonstrate it such that he was not entitled to the lesser instruction, despite the fact that everybody agreed he had never been a scout leader, everybody agreed that his babysitting days had long passed, and that everybody agreed he was not a teacher. The fact remains that even looking at it objectively, there was a relationship here that was betrayed and a relationship that opened the door to the opportunity for the offenses to occur. Did the trial court, in denying the instruction, effectively grant the state a directed verdict on the issue of whether or not trust was involved? No, Your Honor. It didn't give a directed verdict as to anything. It's a jury trial. The jury is entitled to find whatever it wants to find. There was certainly no directed verdict here at all. Maybe you didn't understand my question. I said when he denied the request to submit the lesser included or the class 2 felony charge, did the trial court not effectively make a determination and literally directed the issue in favor of the state that there was, in fact, trust established? No, because, again, this is a jury trial. The jury was not obligated to accept the testimony that it heard. It never had the opportunity to consider the lesser included instruction. It had the opportunity to determine whether the state proved the element of trust, and if the state had not proven the element of trust, it had the obligation to acquit. I realize that that's contrary to the argument counsel made, which I know is based on Keeble, but the truth is we have no reason to believe that the jury, had it not accepted that evidence, would not have acquitted. We know that juries acquit on a regular basis. It's not a question of whether the jury would or would not do something. It isn't a question of whether or not the defendant's entitled to submit something to the jury and then live or die by what the jury decided. And if he's not given the opportunity, then there's something wrong with the system. He is only entitled to it when there is evidence in support of it. There isn't anything presented here that would undermine the position of trust that was established through the evidence that was presented. Go ahead. Thank you. Let me go back to something you had mentioned just a couple minutes ago. You caught yourself when you said lesser included a couple minutes ago. Was what was submitted a lesser included instruction? Not strictly speaking. Not strictly speaking. And why not? Because, again, you have among these offenses a group of age requirements, which were all slightly different. In this one, in the one that was submitted, in addition to the defendant having to be a certain age and the victim having to be a certain age, the defendant also had to be at least five years older. So strictly speaking, it is not a lesser included. However, I recognize that under the checks… Are you saying that he wasn't five years older? No, I think he totally was five years older. Well, then why wouldn't the instruction fit? Aren't you supposed to be fashioning a lesser included instruction based upon what the facts are? Right. And, again, the facts didn't support… If it was an abstract element approach, I might accept your argument. But I don't buy your argument relative to the age differentials being distinguishing factors, which would preclude a lesser offense when the facts fall under both criteria. I don't think I said that I thought that it would preclude it. I think I said that what precludes it is the lack of evidence in support of it. I understand that under the charging instrument approach, you're not going to look at abstract elements. You're going to look at what the charging instrument would contemplate. And so the defendant under that approach sought an instruction on a lesser offense, not a lesser included offense, that he believed supported his theory of the case. I think an analysis of the record would indicate that there was no evidence to support his theory of the case. Because his theory of the case was that he did not hold a position of trust over the victim. I'm trying to think what else I should respond to. What about the criminal defendant had the right to force this 19-year-old witness victim to appear in court? Do you feel that that was fair commentary? I would be happier if it had not been made. But I think that... Thank you. You're welcome. But I think that the point that was taken earlier about the standard is important. The standard that we expressed in our brief comes from this court's decision in Liberton. Liberton, in turn, relied on the Supreme Court's decision in Williams. Clearly the standard is appropriate. He does have to show, in fact, that his right to a fair trial was significantly compromised such that this statement led to his conviction. That's entirely not supported by the record. You don't think that this would inflame a jury? What other probative value, what relevance or materiality does it have other than to make the jury angry at this individual when he's supposedly exercising a right? Again, I think that life would have been better for everybody had the statement not been made. I don't think several lines in a 17-page argument inflames a jury. I think that the facts of this case are significantly inflammatory. That a brief comment in a 17-page argument isn't what's going to inflame the jury here. I mean, the facts are sufficiently inflammatory themselves. As defense counsel Blow said in his opening argument, there's a clear ick factor here. I don't want to force you to concede anything, but would you admit that it's error for what he said? However, it's your belief that it wasn't prejudicial? Yes, I would. But again, a comparable comment was made in Liberton and was found not to be prejudicial. I think that Liberton looked at the balance between the nature of the prosecutor's comments in the context of other error or alleged error. I think that here we have two alleged errors which the people don't acknowledge to have been erroneous. And you have a brief comment within a 17-page argument. So I clearly cannot accept the notion that this comment, even assuming it to have been error, could lead to reversal of this conviction. What about the instructions that seem to enlarge upon what the language in the indictment related? I have to make an apology to this court. I did not bring to the court's attention that the enlargement of the charging about mutual gratification was not objected to. I did not bring that to this court's attention and I apologize. As to the concern in an indictment, the nature of the charging instrument is such that you want to put the defendant on notice about what he's going to have to defend against. Here, although the charging about gratification was mutual, it also stated the correct statutory – I'm sorry, the charge only talked about the defendant's – may I finish the answer? Yes, sure. Only talked about the defendant's pleasure. However, the statute refers to both and the defendant's own statements refer to mutual gratification. As to the trust authority and supervision, again, the statute as listed in the indictment gave the entire – I apologize – gave all three. And so he was on notice that all three were encompassed. Having said that, obviously the thrusted trial was on trust and there were brief discussions, I believe, in the state's attorney's closing argument that several of the actions that were discussed in testimony, for instance, the supervision of the medications and supervision of authority over homework and that type of thing, also would have been within it. However, I think that realistically the trial was focused on trust and even in closing argument the prosecutor said everything was focused on trust. Let me ask you this. You mentioned the case that described certain positions that constituted positions of trust. Doctor, teacher, Boy Scouts leader, guardian. Priest. And you mentioned there are others. But categorically when you start creating a list of things that constitute a position of trust, isn't it difficult to fit like a neighbor, when you're sending your child over to sleep overnight, to qualify as a position of trust? I know that's a narrow view of the facts in this case, but in essence it's fairly similar to babysitting. And if you put babysitter within the category of positions of trust, such as Boy Scout leader, et cetera, that just doesn't fit. It's like putting Ron Peck square vault type of thing. I think there are a couple of answers to your question. In the intent of the legislature, when they start establishing a category and look at the category to determine whether or not facts fit into that category. I think the first answer to that is that the Code of Corrections provision is a sentencing provision which does not address elements of an offense. And the Code of Corrections provision states that it's giving a non-exhaustive list of suggested examples. And so I think when you're talking about a babysitter, you have a couple of different kinds of babysitters. You have babysitters who are essentially daycare workers and they're paying, they probably see a child every single day, versus a babysitter who comes in on like a Saturday night. In either situation, the parent is trusting this person to take care of the child. It's not the same as a Boy Scout leader. It's personal. One assumes that in general you don't hire a babysitter who you aren't actually acquainted with and you have reason to believe this person is trustworthy. But I think perhaps a more important reason here, and this is sort of supported by Kaminsky, those suggestions are for a sentencing judge. They're not for elements of the offense. Although Kaminsky looked to those factors, it didn't rely on them entirely. It also looked at the dictionary because it noted that the criminal code does not define the term. And I guess the answer then is where you have non-exhaustive factors. If, in fact, you're looking at a Scout leader, that may make it more clear and you may not require as much surrounding evidence as a situation where it's not enumerated. But that doesn't undermine the situation here. Would the legislature take two different definitions, one for purposes of sentencing and another for purposes of charging? They apparently did. I mean, that is what they did. That is specifically what they did. They specifically, for purposes of charging, did not define it. And I think they chose not to define it for purposes of charging because they didn't want it to be narrowed. If, in fact, the evidence supports a charge, they want the state's attorney to have the authority to make the charge and then to prove it up. So, clearly, the legislature did make that decision. And why should the defendant have to present any negative evidence? He doesn't. And I think the example we were talking about in the office was if you have an aggravated battery in a public way, and the person, two people call 911 and say, yeah, this guy is beating up this guy in the street. And another person calls and says, I think they're on the sidewalk. And the paramedics get there and one paramedic said they're on the sidewalk and one paramedic says that they're actually in the private parking lot of the apartment building. You've got a complete question of fact there because you've got three or four state witnesses, all of whom are perfectly credible, none of whom have an ax to grind, who are simply giving information that may be viewed somewhat differently. And so from the state's case in chief, the defendant is entitled to the lesser instruction of battering not in the public way because the evidence developed in the state's case in chief shows it. The defendant isn't obligated to present anything that would be burden shifting. But the defendant is entitled to use the evidence that's presented to his benefit. And if there's evidence that will support the lesser included instruction, he's entitled to ask for it, even if he chose not to put on a case at all. Our position is simply that there isn't anything there to support it. Any other questions? Thank you, Your Honor. Good morning. I'd like to make three points. First, going to the objective subjective portion of this test, I think that's what I was trying to get on page six of the reply brief where I put an example, to me anyway, to clarify the situation. You have somebody who has to jump in the water to try to help someone. And before they jump in, they hand their wallet to somebody. Now, you hand your wallet to a policeman, or you pay somebody five bucks to keep your, say, wallet safe, or you hand it to a family friend, or you hand it to a complete stranger. Even against their will, they shove it in the water. Well, let's say that the question turned upon whether there was a position of trust. Well, I think that the position of trust would be satisfied with someone who was a lifeguard there or who was a police officer. And when you get anything past that, then it would be a jury question. It would certainly be a jury question to determine whether a friend held a position of trust. Is that what the legislature meant when they specified it? The legislature didn't say, if you trust someone. Are you saying that if a police officer was charged with theft under those circumstances, he wouldn't be entitled to a lesser included if the greater offense alleged trust and he was claiming that he should be found guilty of the lesser included, which didn't include trust, on the basis that the jury obviously didn't have to decide that there was trust? I was trying to draw an analogy with those situations involving armed robbery where the person fires a gun in the air a couple of times and then sticks it in somebody's ribs and then says, I want a lesser included offense instruction on robbery. And they say, get one. But he does get one if they say, hey, this was a piece of plastic. And the other person says, no, it was a heavy sawed off shotgun. And then there's a divergence in the record as to which one it is. Then you are entitled to one. And that's what happens here where there's evidence of position of trust, being a babysitter, evidence of no position of trust, not a babysitter. It's a jury question, a quintessential jury question. But didn't the jury have the opportunity to deliberate on that question from the instruction given by the state, which included the element of position of trust? Yes. All right. And so? The quote I'm looking for is on page 10 of the original brief where it talks about how the jury is going to depart from the theory and engage in the practice where they may have the obligation to acquit, but they know the defendant is guilty and they won't acquit. That's where the due process violation comes from. The defendant is asking for a jury trial on that very question, and he doesn't get one because the jury is very likely to defend it rather than let somebody go. I'm sorry. I'm not following. How does that follow from the fact that the position of trust was included in the instruction given by the state? That's right. The jury is going to be put in a position where they have to acquit the defendant altogether, even though it's patently obvious he's guilty of a Class II felony, assuming that they don't find that. And that's the holding of the cases involving the lesser-included defense. They're saying that's why he's entitled to file a lesser or seek a lesser. Yes, that's right. The jury, quote, might otherwise convict rather than acquit the defendant of the greater offense, people versus Bryant, on page nine, and then there's further quotes on page two. So that's what we're relying on there. And also concerning the statement of the prosecutor, the objection, there was an objection at the time, and it was overruled. And we cite cases that say that, in effect, the court is giving an instruction to the jury that the comment was correct. So the judge, this isn't just a comment from the prosecutor. It was an objection overruled. So the jury was told, yes, you can consider the fact that the defendant forced this 19-year-old to testify. As far as the expansion is concerned, I would point this court to page seven of the reply brief. No principle of procedural due process is more clearly established than that the notice of the specific charge and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all court, state or federal. You can waive constitutional rights. Did your client waive the one about mutual ratification? Keep going. No. I do not believe that is waived because of the cases say that that is reversible error per se. Because it goes to the specific intent. It's a specific intent, and where the specific intent is alleged and then it's expanded, that's reversible error. But the other one is perfectly well preserved. The defendant fought very hard to prevent the state from expanding it from trust to the other examples. Any other questions? Thank you. Thank you, Senator Biden. There will be a recess for lunch, and then there will be the last case.